IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAMON BOYD,

      Petitioner,

v.

WARDEN,
PICKAWAY CORRECTIONAL
INSTITUTION,

      Respondent.

Case No. 3:25-cv-88

District Judge Michael J. Newman
Magistrate Judge S. Courter Shimeall

---

**ORDER: (1) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO EXPAND THE RECORD (Doc. No. 25); (2) DENYING PETITIONER'S MOTION TO STAY THE PENDING REPORT AND RECOMMENDATION AND STAY THE CASE (Doc. No. 27); (3) DENYING AS MOOT PETITIONER'S MOTION TO ADDRESS HIS MOTION TO EXPAND THE RECORD (Doc. No. 27); (4) GRANTING PETITIONER'S MOTION TO FILE A TRAVERSE (Doc. No.  27); (5) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO CLARIFY (Doc. No. 29); (6) GRANTING PETITIONER LEAVE TO FILE OBJECTIONS TO THE PENDING REPORT AND RECOMMENDATION; AND (7) CONFIRMING THIS CASE REMAINS PENDING ON THE DOCKET**

---

Petitioner Lamon Boyd, an inmate in state custody who was found guilty in state court on two charges of trafficking in persons ("compulsion to involuntary servitude") in violation of Ohio Rev. Code § 2905.32(A) (Doc. No. 14 at PageID 415), brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Doc. No. 8.  This case is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Preston Deavers to whom this case was referred pursuant to 28 U.S.C. § 636(b).[2]  Judge Deavers recommends denying the petition and dismissing it with prejudice.  Doc. No. 24 at PageID 2148.  Judge Deavers

---

[1] The Court liberally construes Petitioner's *pro se* filings in his favor.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Mayes v. Warden, Chillicothe Corr. Inst.*, No. 3:22-cv-313, 2024 WL 3163957, at *1 (S.D. Ohio June 25, 2024).

also notified the parties that objections to the R&R were due within fourteen days.  *Id*. at PageID 2149.

Rather than filing objections to the R&R, Petitioner filed three *pro se* motions: (1) a motion seeking leave to expand the record (Doc. No. 25), which Respondent opposes (Doc. No. 26); (2) a motion to stay the R&R and stay the case and to address his motion to expand the record and permit him to file a reply/traverse (Doc. No.  27), which Respondent opposes (Doc. No. 28); and (3) a motion to clarify that his motion to expand the record is not his reply or traverse (Doc. No. 29), to which Respondent has not responded.

**I.**

Liberally construing in Petitioner's favor his motion to expand the record, *see Estelle*, 429 U.S. at 106, he seeks to add to the record "actual material evidence and documents" he describes in 32 detailed paragraphs.  Doc. No. 25 at PageID 2153-59.  He contends this evidence relates to violations of his rights in state court under *Brady v. Maryland*, 373 U.S. 83, 84 (1963) and his suppression hearing, and includes police reports, testimony not presented, and cross-examination testimony.  *Id*.  Petitioner argues that if such evidence had been produced by state prosecutors, the charges against him in state court would have been dismissed.  *Id*. at PageID 2153.  He argues that without the expansion of the record to include this evidence he will not have a chance to have a fair trial (if he prevails on his habeas petition and he is afforded a new trial).  *Id*. at PageID 2159.

Petitioner's motion to expand the record was docketed one day after the R&R issued.  *See* Doc. Nos. 24, 25.  Given this, there is no doubt Petitioner did not know about the R&R before he wrote and filed his motion to expand the record.  Consequently, he also did not know the R&R addresses the possible expansion of the record as follows:

---

[2] This case was recently transferred to Magistrate Judge S. Courter Shimeall.  Doc. No. 30.

> It also appears that [Petitioner] is seeking in Grounds One and Three to expand the record beyond the scope of materials that were considered by the Court of Appeals. (ECF No. 8-1 at PageID# 225-232, 236-240). Boyd's request is prohibited by Supreme Court precedent. The Supreme Court held in *Cullen v. Pinholster*, 563 U.S. 170 (2011), that habeas review by a federal court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 180. The limitations in *Pinholster* apply to expansion of the record as well as to evidentiary hearings. *Moore v. Mitchell*, 708 F.3d 760, 780–784 (6th Cir. 2013).

Doc. No. 24 at PageID 2129 (footnote omitted).  Within this explanation, in a footnote, the R&R states, in part, "The exact nature of the materials [Petitioner] is seeking to expand the record with are unclear, but it appears, at a minimum, he is seeking testimony on off-the-record discussions pertaining to plea negotiations."  *Id.* at n. 2. (citing Doc. No. 14 at PageID 226).

Due to no fault of his own, Petitioner's motion to expand the record is premature because he did not know about the R&R when he drafted his motion and could not have known the R&R's potential impact on his motion.  Thus, his motion to expand the record is **DENIED WITHOUT PREJUDICE** to provide him an opportunity to raise his contentions related to expanding the record in his objections to the R&R.

**II.**

Petitioner seeks a stay of the R&R and the case so he can file a reply or traverse to Respondent's answer to his petition for a writ of habeas corpus.  *See* Doc. No. 27.

The Magistrate Judge previously issued an Order denying without prejudice Petitioner's motion for leave to file an amended petition because he had not attached to his motion a proposed amended petition.  Doc. No. 18 at PageID 1489.  The Magistrate Judge also granted Petitioner leave to file a motion to amend his petition, provided him with an attached proposed amended petition, and gave him 30 days from August 25, 2025 to do so.  *Id.*  The Order also granted Petitioner leave to file a reply to Respondent's return of writ and instructed, "If [P]etitioner does not elect to file a motion for leave to amend his petition within (30) days, he shall have until October 14, 2025 to

3

file a reply." *Id.*

Petitioner thereafter filed a motion to amend his petition, which Respondent opposed.  Doc. Nos. 18, 19.  The Court denied Petitioner's motion to amend his petition on January 30, 2026.  Doc. No. 20.  The Magistrate Judge then filed the subject R&R on February 2, 2026.  Doc. No. 24.  Meanwhile, Petitioner did not file a reply.  He explains he was waiting for an Order from the Magistrate Judge when the R&R was docketed.  *See* Doc. No. 27 at PageID 2172.  Petitioner has also not filed objections to the R&R, perhaps because he seeks a stay of this case and his post-R&R motions are presently pending.

Because the Court has denied, in this Order, Petitioner's motion to expand the record, *supra* § I, and because the Court will permit additional time for Petitioner to file objections to the R&R, there is no need to stay this case.  In the interests of justice and obtaining a complete case record, which is necessary for a full and fair adjudication of this case, and to avoid unfair prejudice to Petitioner, his motion for leave to file his reply to Respondent's answer/return of writ, *see id.*, Petitioner will be given one last opportunity to file his reply.  Given this, his motion to clarify—in which he argues the R&R incorrectly refers to his traverse when he has not filed one (Doc. No. 29)—is **DENIED WITHOUT PREJUDICE** to raising, if he so desires, as an objection to the R&R. *See* Doc. No. 29.

Additionally, nothing in this Order is meant to suggest whether the Court intends to adopt or reject the R&R.  Instead, Petitioner will be **GRANTED** an extension of time to file objections to the R&R and Respondent will be provided an opportunity to oppose.  Petitioner is placed on **NOTICE** that the Court will not extend the deadline for Petitioner to file objections to the R&R absent extraordinary circumstances.  The Court will thereafter consider the R&R and the record as a whole—including, but not limited to, Petitioner's traverse, if he timely files one; his objections, if

4

timely files them; and any response Respondent timely files to Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III.

Accordingly, Petitioner's motion to expand the record is **DENIED WITHOUT PREJUDICE**.  His motion to stay the R&R and the case is **DENIED**.  Petitioner must **FILE** his reply or traverse to the return of writ by **June 22, 2026**.  Petitioner's objections to the R&R are due by **June 26, 2026**.  Respondent may **FILE**, by **July 13, 2026**, a response to Petitioner's objections.

This case remains **PENDING** on the docket.

**IT IS SO ORDERED.**

June 8, 2026                                                    s/*Michael J. Newman*
                                                                  Hon. Michael J. Newman
                                                                  United States District Judge